NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN UJPAN CHILEL; MILCY VASQUEZ DELEON; O.U.V., <br><br> Petitioners, <br><br> v. <br><br> JAMES R. MCHENRY III, Acting Attorney General, <br><br> Respondent. | No. 24-1227 <br><br> Agency Nos. <br> A240-180-093 <br> A240-180-095 <br> A240-180-094 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Petitioners Robin Ujpan Chilel, Milcy Usiris Vasquez de Leon, and their minor child, O.U.V., all natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of the denial by an Immigration Judge ("IJ") of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] The panel reviews "the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

"For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). "Specifically, [for asylum claims,] the protected characteristic must be 'a central reason' for the past or feared harm." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted). Here, substantial evidence supported the agency's determination that the lead petitioner failed to show a nexus between the asserted harm and the putative protected grounds—*i.e.*, his

---

[1] Petitioners' argument that the BIA failed to address Leon's and O.U.V.'s separate grounds for relief is raised for the first time on appeal to this Court. Failure to raise a claim in an appeal to the BIA constitutes a failure to exhaust that claim because it deprives the BIA of an opportunity to pass on it. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). Where, as here, a party properly raises the exhaustion rule contained in 8 U.S.C. § 1252(d)(1), we must enforce the rule and decline to consider the unexhausted claim. *See id.*

K'iche' ethnicity and proposed particular social group of "Guatemalan Business Owners who are Ethnically Mayan/K'iche'." *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) ("Because [a] persecutor's actual motive is a matter of fact, we review that finding for substantial evidence." (alteration in original) (citation omitted)). Ujpan Chilel testified that the gangs began to threaten him and his family only after he opened a store. Further, the gang members never expressed ethnic animus in the course of their threats and extortion. And the pattern of indiscriminate gang violence motivated by monetary gains is not unusual in Guatemala. Petitioner's own country reports explain that gangs "target everyone from bus operators to small business owners[.]" *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A[] [noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

We also find meritless the petitioners' contention that the agency applied the wrong standard in its review of the nexus determination. *See Umana-Escobar*, 69 F.4th at 552 ("[T]he BIA reviews the IJ's underlying factual findings, such as what a persecutor's motive may be, for clear error[,]" while the determination of whether "a persecutor's motives meet the nexus legal standards" is reviewed "de novo"). In sum, "where, as here, the agency concludes that the petitioner has not shown any nexus whatsoever, then the petitioner fails to establish past persecution for both

asylum and withholding." *Rodriguez-Zuniga*, 69 F.4th at 1018 (emphasis omitted). And because "[t]he lack of a nexus to a protected ground is dispositive of [petitioners'] asylum and withholding of removal claims[,]" we do not address petitioners' remaining arguments regarding asylum and withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

As regards petitioners' CAT claim, substantial evidence supported the agency's conclusion that petitioners failed to demonstrate that they will "more likely than not be tortured with the consent or acquiescence of a public official if removed" to Guatemala. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). First, "generalized evidence of violence and crime in [Guatemala] is not particular to Petitioners and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor does the country-condition evidence regarding historical mistreatment of indigenous people in Guatemala, the perpetrators of which are in some instances brought to justice, indicate current ongoing systematic violence against indigenous people. The country-conditions evidence thus does not compel a reasonable adjudicator to conclude that the petitioner is more likely than not to be tortured.[2]

---

[2] We also reject petitioners' contention that the agency did not sufficiently engage with the country reports. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("[T]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in

4

Next, we also find petitioners failed to show that the Guatemalan government would acquiesce in torture. Petitioners allege that the Guatemalan police force is ineffective and compromised by gang members. However, we have repeatedly held that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Ujpan Chilel also argues that police officers were "uninterested" in his report of the gang's extortion attempt and he surmised they were working with the gangs. The lead petitioner's suppositions, together with the police's inability to capture assailants whom he could not identify, are insufficient to sustain relief under the CAT. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").[3]

**PETITION DENIED.**

---

terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (alterations in original) (citation omitted)).

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.